HARDIN *v.* WATSON.

(*Nashville.* March 10th, 1887.)

APPEAL. *From decree for purchase-money of chancery sale. From order refusing appeal.*

An appeal, from a decree rendered on motion in a pending cause for the purchase-price of land therein sold, is properly refused when prayed at a term subsequent to the rendition of the decree; and no appeal lies from the order refusing such appeal.

FROM LINCOLN.

Appeal from Chancery Court of Lincoln County. JOHN W. BURTON, Ch.

W. N. COWDEN for Caldwell.

38

TURNEY, C. J.  In this cause land was sold by decree of the Chancery Court at Fayetteville.  Some time prior to the war between the States, D. M. Caldwell bought one of the lots and paid for it. His last payment of $574.50 was made in January, 1862 or 1863.  After the war, and in 1869, Farquaharson, Clerk and Master, reported this payment was in Confederate money, and moved for judgment for the amount.  The Chancellor decreed:

"The Court, being of opinion that said payment is invalid and not binding upon the parties in interest, as well because of the illegal currency in which said payment was made as because said McCord had no authority to receive or collect the same, doth decree accordingly; and it appearing that there remains due and unpaid· on said note, including interest,· the sum of $808.22, it is therefore ordered, adjudged, and decreed," etc., rendering judgment.

This was on 4th October, 1869.  An appeal was prayed and granted, but not perfected.  On 4th February, 1870, Caldwell filed a petition claiming an error of $20 in the judgment, which was allowed, and also asking to be credited by the interest of Margaret A. Watson, which he claimed to have purchased.  The Chancellor gave time to perfect his title to that interest to the August term, 1870; the decree concluding:

"In the meantime the Clerk and Master will suspend the collection from Petitioner Caldwell of

such sum as he may be entitled to as purchaser of the interest of said Margaret A. Watson."

There this matter rested, the stay of execution *pro tanto* ceased with the August term, 1870, and the judgment was in all things restored, with no reason, from that time to the present, why execution should not issue. A final decree, disposing of the cause and settling all questions, was pronounced at April term, 1879. "Caldwell prayed an appeal from the action of the Court heretofore had in this cause upon the whole case of *Nancy Harding et al.* v. *Turner B. Watson and others*," "which the Court declined to grant, because the said Caldwell now prays for an appeal from a decree pronounced in 1869."

From this refusal Caldwell prayed and obtained an appeal. The Chancellor erred in his last order. No appeal lies from such action. If the party had a remedy it was not by appeal.

The decree pronouncing judgment in 1869 is not before us, and we are not at liberty to express an opinion as to its correctness.

The petition to rehear is dismissed. The decree on the whole case is that the appeal, having never been properly here, is dismissed with costs. If any other decree has been entered, it will be rescinded, and the one indicated entered.

The motion for judgment in 1869 was a suit in the interest of the parties to the proceedings for sale of lands, etc. The judgment could be appealed

Hardin *v.* Watson.

from only at the term at which it was rendered. Then it was it settled the rights of the parties to it, and was final. The debtor, as such, was no further concerned in the matter. Its finality was necessary to further progress in the cause. Not appealing then, the parties were bound, the judgment remaining as of that date, with credits for any proper payments.